SILAS HATHAWAY and UZAL PIERSON, plaintiffs in error, *vs.* HEMAN ALLEN, plaintiff below.

Error lies from a jugdment of a County Court, notwithstanding the plaintiffs in error, might have brought up the case by appeal.

ERROR.—The defendant in error now moved the Court, that the writ be quashed, because it appeared from the record, that the same was brought to reverse a judgment of the County Court, from which judgment the plaintiffs in error might have appealed to this Court. Wherefore, he averred, that the said writ was improvidently issued, and ought to be quashed.

*Prentiss*, in support of the motion. When an appeal lies to this Court from a judgment of the County Court, the remedy by appeal is the only one which can be pursued. The statute, in giving an appeal, has impliedly taken away the remedy by a writ of error. The remedy by appeal is less expensive and more convenient than a writ of error, and further relief may be granted on the former than can be on the latter. On appeal, the cause of error may be removed, by amendments, and mistakes in fact, on the merits, may be corrected, neither of which can be done on error. (*Savage* vs. *Gulliver*, 4 *Mass.* 171.—*Champion* vs. *Brooks*, 9 *Mass.* 228.) Besides, if the remedy by

*[margin notes:]* Chittenden, December, 1825. Catlin and Catlin *vs.* Barnard and Burnham.

Chittenden, December, 1825.

*Chittenden,*
December,
1825.

Hathaway
and Pierson
*vs.*
Allen.

appeal is pursued, the adverse party, in case judgment is rendered against him in this court, will be entitled to a review ; of which right he would effectually be deprived, if the cause is removed to this Court by a writ of error. Indeed, the Court have repeatedly acted upon a principle analogous to the one here contended for, by refusing to sustain a motion for a new trial, when it appeared the party was entitled to a review. Besides, a reversal of the judgment on a writ of error, although the plaintiff below may eventually recover the same judgment, discharges the bail or dissolves the lien created by the attachment, and the bail in error is not holden; for, if the judgment is reversed, the plaintiff in error has made his plea good. In another case[a] in this Court, the plaintiff below attached numerous tracts of land, and levied his execution upon them. These lands have since the attachment been conveyed by the plaintiff in error to a third person, and if the judgment is reversed, the lien will be lost. Whereas, if the remedy by appeal had been pursued, and the plaintiff below had finally recovered, his lien would have been saved. The final judgment mentioned in the statute, as respects charging the bail or holding lands attached, is the first judgment on which the plaintiff may sue out execution.—*Smith* vs. *Sullivan*, 7 *Mass.* 342.*

*See, also,
Brace *vs.*
Squier and
Robinson,
2 D. Chip.
R. 57.

*Adams, contra.* The plaintiffs in error contend that a writ of error is a writ of right. (2 *Salk.* 504, *Regina* vs. *Paty.*—2 *Mass. Rep.* 142, *Pembroke* vs. *Abingdon.*) This right is recognized by the 8th section of the judiciary act, *Statute* 60. The case of *Savage* and *Gulliver*, 4 *Mass.* 171, and other cases in that Court, founded on that case, seem to have been decided on the ground, that the statute granting appeals had, by construction, taken away the right to bring error. This appears to have been a new rule. See 2 *Mass.* 35, *Skipwith* vs. *Hill*, where Parsons, then at the bar, suggested it, and the Court did not recognize it. In *Putnam* vs. *Churchill* the writ was sustained, because the party had waived his right of appeal, 4 *Mass.* 516. In 11 *Mass.* 300, *Valier* vs. *Hart* the writ was sustained, because the party was a minor.

If this is a writ of right, the Court cannot deprive the party of it, by any rule of Court, on the subject. It is in vain to say the party has a right to the writ, if the court can refuse it upon a suggestion of their own, that some other remedy would be better, to examine the error complained of. Courts have no discretion in the case. If the right is taken away by the statute granting appeals, it is extraordinary that the party can restore that right, by waiving his appeal, as in *Putnam* vs. *Churchill*. Whether there is any thing peculiar in the phraseology of the Mass. Statute, we do not know ; but it is clear, one statute granting appeals takes away no previous right.

---

[a] The cause here alluded to is the cause of Uzal Pierson, Edward Pierson, and Jonathan Wheelock, *vs.* Heman Allen, in error, in which there was also a motion to quash the writ, on which the same judgment was rendered, as in the above cause.

*Prentiss*, in reply. Though a writ of error should be considered a writ of right, it does not follow that it is grantable in all cases. Where the party has a right to review or appeal his cause, he has no right to remove the record by error. The condition of the recognizance in a writ of error is, "That the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs, if he fail to make his plea good." Now it is obvious, that if he prosecute his plea to effect, this recognizance is satisfied—it is no security—and the bail below are discharged, if *scire facias* is not sued out within one year. Many inconveniences, therefore, must necessarily follow, from sustaining error in cases like the present.

*Chittenden,*
December,
1825.

Hathaway
and Pierson
*vs.*
Allen.

The opinion of the Court was delivered by

ROYCE, J. The ground assumed in support of this motion is, that the act allowing an appeal from the County Court to this Court, has virtually taken away the remedy by writ of error, in all cases where an appeal might have been had. But on a view of the statute, and considering its several parts in connexion, we cannot yield to the construction here attempted. The right of appeal is first given, and afterwards in the same act, this Court is empowered, upon writ of error, to revise any judgment of a County Court, without limitation. It is too much to say, that this authority is to be understood with an exception of all judgments of a County Court from which an appeal might be taken. This act contains many express qualifications and restrictions, even upon the jurisdiction of this Court, in other cases, but none in this. It must therefore be understood, that the jurisdiction of the Court upon this subject is general.

As the statute, however, has not said that this jurisdiction shall be exercised in every case, and as very substantial reasons exist why an appeal should sometimes be taken, rather than a writ of error, it is probably within the powers of the Court, in certain circumstances, to refuse the latter remedy. But as this is a discretionary power, it should not be exercised to the injury and surprise of parties; but should be regulated by a rule of Court, to take effect in future, and of which parties may have notice. The exercise of such a power, in this case, would be retrospective and unjust.

Motion denied.

PRENTISS, J. being of counsel, did not sit in this cause.

*Chs. Adams*, attorney for plaintiffs in error.

*Samuel Prentiss* and *J. C. Thompson*, attornies for defendant in error.